UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MetroPCS, a brand of T-Mobile USA, Inc.,<br><br>        Plaintiff<br><br>v.<br><br>A2Z Connection, LLC, *et al.*,<br>        Defendants | **2:15-cv-01412-JAD-CWH**<br><br>**Order Denying Motion for Default Judgment Without Prejudice**<br><br>[ECF No. 35] |

Metro PCS sued A2Z Connection, LLC., A2Z, LLC, and three of their agents, Amir, Asim, and Seher Qureshi, for trademark infringement and related claims, seeking monetary damages and permanent injunctive relief.[1]  Defaults have been entered against all defendants,[2] and Metro PCS now moves for a default judgment.[3]  Because Metro PCS failed to address the *Eitel* factors in its motion, I deny the motion without prejudice.[4]

**Discussion**

A.   **Default judgment under FRCP 55**

When the clerk has entered a default against a party, Rules 54(b) and 55 of the Federal Rules of Civil Procedure permit the court to enter a default judgment.[5]  The Ninth Circuit in *Eitel v. McCool* set forth seven factors that govern the district court's decision whether to enter a default judgment: (1) potential prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the amount of money at stake in the action; (5) the potential

---

[1] ECF No. 1.

[2] ECF Nos. 23, 31, 33.

[3] ECF No. 35.

[4] I find this motion suitable for disposition without oral argument. L.R. 78-1.

[5] *Eitel v. McCool,* 782 F.2d at 1470, 1471 (9th Cir. 1986); *Trustees of the Bricklayers & Allied Craftworkers Local 13 Defined Contribution Pension Trust for S. Nev. v. Tumbleweed Dev., Inc.,* 2013 WL 143378*,* at *2 (D. Nev. Jan. 11, 2013) (citing *Eitel*).

disputes as to material facts; (6) whether the default was due to excusable neglect; and (7) the strong federal policy favoring adjudications on the merits.[6]

Except for the amount of money at stake and the merits of Metro PCS's substantive claims, Metro PCS's motion does not address the *Eitel* factors. Metro PCS has thus left me without the guidance and information I need to determine whether a default judgment is warranted. I therefore deny Metro PCS's motion without prejudice to its ability to file a new motion that addresses the *Eitel* factors and explains why these factors warrant the judgment that Metro PCS requests.[7]

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that **Metro PCS's motion for entry of default judgment [ECF No. 35] is DENIED without prejudice.**

Dated this 21st day of June, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

[6] *See Eitel,* 782 F.2d at 1471–72.

[7] *See, e.g., Rimlinger v. Shenyang 245 Factory,* 2014 WL 2527147 (D. Nev. June 4, 2014); *Neumont University, LLC v. Little Bizzy, LLC,* 2014 WL 2112938 (D. Nev. May 20, 2014); *U.S. S.E.C. v. Brandonisio,* 2013 WL 5371626 (D. Nev. Sept. 24, 2013); *Trustees of Teamsters Local 631 Sec. Fund for Southern Nevada v. Knox Installation-Dismantling and Services, Inc.,* 2013 WL 4857897 (D. Nev. Sept. 9, 2013).