1 | Karl O. Riley
Nevada Bar No. 12077
2 | kriley@swlaw.com
SNELL & WILMER L.L.P.
3 | 3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
4 | Telephone (702) 784-5200
Facsimile (702)784-5252
5 |
6 | James B. Baldinger
Admitted *Pro Hac Vice*
7 | Florida Bar No. 869899
CARLTON FIELDS JORDEN BURT, P.A.
8 | 525 Okeechobee Boulevard, Suite 1200
West Palm Beach, Florida 33401
9 | Telephone (561) 659-7070
Facsimile (561) 659-7368
10 | *Attorneys for Plaintiff MetroPCS*
[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

METROPCS, a brand of T-MOBILE USA, INC., a Delaware Corporation,

Plaintiff,

vs.

A2Z CONNECTION, LLC, a Nevada limited liability corporation; A2Z LLC, a Nevada limited liability corporation; AMIR QURESHI a/k/a AMIER QURESHI, a/k/a AMIER I. QURESHI, a/k/a AMIER F. QURESHI, SR.; ASIM QURESHI a/k/a ALEX QURESHI, a/k/a AZIM QURESHI a/k/a AZIM DeDREAM, and SEHER QURESHI,

Defendants.

CASE NO. 2:15-cv-01412-JAD-CWH

**STIPULATED PROTECTIVE ORDER REGARDING**
**THE HANDLING OF CONFIDENTIAL INFORMATION**

1

114315361.1

Pursuant to Federal Rules of Civil Procedure 26(c) and 69 and upon stipulation and agreement by and between the respective counsel for the Parties, which include Plaintiff MetroPCS, a brand of T-Mobile USA, Inc. ("MetroPCS" or "Plaintiff") and Defendants A2Z Connection, LLC, A2Z LLC, Asim Qureshi, and Seher Qureshi (collectively, "Defendants") (together, the "Parties"), and for good cause shown, IT IS HEREBY ORDERED that this Protective Order shall control the disclosure, dissemination, and use of confidential information in this lawsuit:

1. Scope of Order. This Order shall govern the production, use, and disclosure of all information and materials produced by the Parties in response to any post judgment discovery request in this action (including, but not limited to, documents, interrogatory answers, responses to requests to admit and deposition transcripts and exhibits), all information contained in those materials, all information and materials produced by the Parties pursuant to Rules 26(a) and 69(b) of the Federal Rules of Civil Procedure, and all copies, excerpts, or summaries of those materials (collectively, "Discovery Material").

2. Designation of Confidential Discovery Material. A Party may, in good faith, designate as "CONFIDENTIAL" and therefore subject to the protections and requirements of this Order, Discovery Material that consists of or includes non-public information that would reasonably be subject to protection under applicable statute, rule or precedent, including:

   a. Information and materials that a Party reasonably believes contain or refer to information that is not generally available to or accessible by the general public, that a Party believes contain or refer to confidential information of third parties, information protected by a statute, rule or regulation, trade secrets or other confidential business information including, but not limited to, research, development, business or financial information, or other confidential and/or proprietary analyses, company guidelines,

2

114315361.1

policies and procedures, market analyses, business valuations, audit reports, commercial information, sales information, customer proprietary network information, customer lists and non-public agreements with third parties, materials memorializing or relating to sensitive third party business relationships;

b. Discovery Material reflecting or relating to financial data including, but not limited to, documents concerning revenues, costs, and profits; and

c. Discovery Material that, if disclosed to a business competitor, would tend to damage the Party's competitive position.

3. Method of Designating Material as CONFIDENTIAL.

a. Designation of confidential Discovery Material shall be made by stamping the legend "CONFIDENTIAL" on the document. Multi-paged Discovery Material must be stamped "CONFIDENTIAL" on each page so designated. If the Discovery Material cannot be so labeled, it must be designated CONFIDENTIAL in some other conspicuous manner. Any confidential designation that is inadvertently omitted during document production may be corrected by written notice to counsel of the Party receiving the document.

b. If originals or other non-bates stamped Discovery Material are made available to a Party for inspection, the entirety of such material shall be treated as CONFIDENTIAL pursuant to this Order until such time as it is copied and the CONFIDENTIAL legend can be affixed to the copies of any confidential Discovery Material. The Party producing such Discovery Material shall designate as CONFIDENTIAL any confidential Discovery Material selected for copying by the receiving Party by stamping or requesting in writing the stamping of the legend "CONFIDENTIAL" on the copies of such Discovery Material. All original or other

3

non-bates stamped Discovery Material and information contained therein that is reviewed, but not selected for copying, by the receiving Party shall be treated as CONFIDENTIAL pursuant to this Order.

c. Information conveyed or discussed in deposition testimony or legal proceeding, in court or before an arbitrator, may be designated CONFIDENTIAL by an indication on the record at the deposition or legal proceeding, or by written notice of the specific pages and lines of testimony that are CONFIDENTIAL within twenty-one (21) days after receipt of the transcript of the deposition or legal proceeding. Each Party shall attach a copy of any such written notice to all copies of the transcript within its possession, custody, or control. While the twenty-one (21) day period is pending, the Parties will treat the transcript and the information contained therein as CONFIDENTIAL in accordance with this Order.

d. Banking and financial records obtained directly by Plaintiff with an authorization from Defendants shall be deemed designated CONFIDENTIAL without the need to take the steps set forth above in Paragraph 3(a).

4. <u>Failure to Designate Material as CONFIDENTIAL</u>. The failure of a party to designate information or documents as "CONFIDENTIAL" in accordance with this Order, and the failure to object to such a designation, shall not preclude a Party at a later time from subsequently designating or objecting to the designation of such information or documents as "CONFIDENTIAL." The Parties understand and acknowledge that a Party's failure to designate information or documents as "CONFIDENTIAL" relieves the other party of any obligation of confidentiality until such a designation is made. Promptly after any such designation, the receiving Party shall mark with the appropriate legend "CONFIDENTIAL" any such designated documents, and all documents containing any

4

114315361.1

such designated information will be thereafter appropriately treated in accordance with this Order.

5. <u>Use of Discovery Material, CONFIDENTIAL Discovery Material.</u>  All Discovery Material including, but not limited to, CONFIDENTIAL Discovery Material, may be used solely in accordance with this Order and any agreements executed by the parties. Any person found to have made an impermissible use of Discovery Material may be subject, without limitation, to civil and criminal penalties for contempt.

CONFIDENTIAL Discovery Material may be disclosed to and used by the following persons to the extent reasonably necessary for post-judgment discovery and execution on the Final Judgment:

    i. any court before which this action is pending and any court to which an appeal of such an action may arise;

    ii. the Parties, including present officers, directors, and other employees of the Parties;

    iii. outside counsel representing the Parties, Plaintiff's in-house counsel, and their respective support personnel whose functions require access to such CONFIDENTIAL Discovery Material;

    iv. any actual or potential witness or deponent to the extent reasonably necessary for the preparation for or giving of his or her deposition or testimony in this action, and counsel for such witness or deponent;

    v. outside vendors who perform copying, computer classification, or similar clerical functions, but only for the purposes of performing such services and only so long as necessary to perform those services;

vi. court reporters and other persons engaged in preparing transcripts of testimony or hearings in this Lawsuit;

vii. members of law enforcement pursuant to a duly executed subpoena;

viii. investigators retained by counsel of record for assistance with post-judgment discovery or execution, to the extent reasonably necessary for such investigators to assist counsel in this action;

ix. experts retained or consulted by counsel of record for assistance with post-judgment discovery or execution, to the extent reasonably necessary for such experts to prepare a written opinion or to prepare to testify or to assist counsel in this action;

x. any other person who is so designated by order of any court before which this action is pending, or by agreement of the producing party, and

xi. CONFIDENTIAL Discovery Material may not be used or relied on to instigate lawsuits, cease-and-desist letters, or otherwise pursue claims against customers, buyers or sellers of the Defendants derived from the CONFIDENTIAL Discovery Materials

No CONFIDENTIAL Discovery Material may be disclosed to persons identified in subparagraphs (iv), (viii), (ix) or (x) until they have reviewed this Order and have either: (1) executed a written agreement in the form attached hereto as **Exhibit A**, which executed agreements shall be maintained by counsel of record for the disclosing party and provided on request to other counsel of record; or (2) agreed on the record at a deposition to be bound by its terms.

6. <u>Use of CONFIDENTIAL Discovery Material at Deposition</u>.  Any Party may use CONFIDENTIAL Discovery Material pursuant to the terms of this Order as an exhibit in

114315361.1

a deposition, subject to such exhibit being marked as CONFIDENTIAL. If deposition testimony concerning CONFIDENTIAL Discovery Material is requested or elicited, counsel for the producing Party may request that the room in which the deposition is being taken shall be closed except to persons who are permitted access to such information under the terms of this Order. Each deposition shall be treated as CONFIDENTIAL without need for designation until twenty-one (21) days after each Party has received a copy of the transcript, at which point a Party may designate portions of the transcript as "CONFIDENTIAL" Discovery Material.

7. <u>Responding to Subpoenas Requesting CONFIDENTIAL Discovery Material.</u> If a Party or other authorized person is in possession of CONFIDENTIAL Discovery Material who is not the producing Party with respect to that Material and receives a subpoena or other request seeking production or other disclosure of CONFIDENTIAL Discovery Material in connection with a civil proceeding, he/she/it shall immediately give written notice to counsel for the producing Party identifying the CONFIDENTIAL Discovery Material sought and the date and time production or other disclosure is required. Further, third-parties who receive a subpoena in this lawsuit from a Party for information and materials that qualify as CONFIDENTIAL may designate the materials in accordance with and be bound by the governing provisions of this Order.

8. <u>Filing CONFIDENTIAL Material Under Seal</u>. Whenever any document designated as "CONFIDENTIAL" or any pleading or other court-filing containing CONFIDENTIAL information is filed by the non-producing party, it shall be filed under seal in accordance with this Court's rules along with an appropriate filing requesting the Court approve sealing the document(s).

114315361.1

9.  <u>Challenges to Designation of Discovery Material as "CONFIDENTIAL."</u> A Party who receives Discovery Material designated as "CONFIDENTIAL" may challenge the designation at any time by motion directed to this Court. In the event a designation is challenged, the party who designated the document(s) or information as "CONFIDENTIAL" bears the burden of proof that such documents and/or information contain or consist of trade secrets, confidential proprietary business information or are otherwise subject to protection pursuant to applicable law. The Parties agree to honor the designation of any such CONFIDENTIAL Discovery Material and to use it only in the manner authorized by this Order unless and until the Court rules that it may be treated otherwise.

10. <u>Exemptions for Authors and Material Independently Obtained or Publicly Available.</u> As detailed in the following subparagraphs, nothing in this Order shall in any way restrict the use of documents or information by the Producing party or in connection with a third party identified as an author, deponent or recipient, or which are lawfully obtained or available to a Party independent of discovery in this action, whether or not the same material has been obtained during the course of discovery in this Lawsuit and whether or not such documents or information have been designated "CONFIDENTIAL." Accordingly,

    a.  Nothing in this Order shall be deemed to prohibit disclosure of any Discovery Material that is currently in the Party's lawful possession, custody, or control; that later comes into the possession of the Party from others lawfully in possession of such information or who are not Parties or bound by this or a comparable Order or obligation or are in full compliance with such Order; that is or has become public knowledge through no fault of the Party having the obligation of confidentiality; or

8

that is required to be disclosed by any law, regulation, order, or rule of any governmental authority.

b. Nothing in this Order shall be deemed to prohibit disclosure of any Discovery Material designated "CONFIDENTIAL" to such persons as appear on the face of the document to be its author and to their attorney(s) or other third-parties at the direction and/or with the approval of such persons.

c. Nothing in this Order shall be deemed to prohibit disclosure of a deposition transcript designated "CONFIDENTIAL," to the deponent who provided the testimony at issue and/or to the deponent's designated attorney(s).

d. Nothing in this Order shall be deemed to prohibit disclosure of any Discovery Material designated "CONFIDENTIAL" to such persons that appear on the face of the document to have authored or received a copy of the Discovery Material from any source and to their attorney(s).

e. Nothing in this Order shall be deemed to prohibit disclosure of any Discovery Material that contain summaries or details of purchase and/or sales transactions designated "CONFIDENTIAL" to the individuals or entities involved in the transaction and to their attorney(s).

f. Nothing in this Order shall be deemed to limit or prohibit any manner of use of any Discovery Material designated "CONFIDENTIAL" by the Party producing such CONFIDENTIAL Discovery Material.

11. <u>No Waiver of Objections</u>. Nothing in this Order shall constitute a waiver of a Party's right to object to the production of Discovery Material or to demand more stringent restrictions upon the treatment and disclosure of any Discovery Material on the ground that it contains particularly sensitive information.

114315361.1

12. <u>No Waiver of Privilege</u>.

    a. The terms of this Order shall in no way affect a Party's right to withhold information on grounds of privilege or immunity from discovery such as, by way of example and not by way of limitation, attorney-client privilege or work product doctrine.

    b. The production of any document or other information during discovery shall be without prejudice to any claim that such material is protected from discovery under the attorney-client or other privilege such as work product, and no party shall be held to have waived any rights by such production. Upon written request by the producing Party, the receiving Party shall: (a) return the original and all copies of such inadvertently produced privileged documents; (b) shall not review, copy or disseminate the privileged documents or information; and (c) shall not use such documents or information for any purpose absent further ruling by the Court.

13. <u>No Admission</u>. Entry of this Order and any stipulation therefore, and any disclosure or use of information or documents, in whatever form, pursuant to this Order, shall not be deemed an admission, waiver or agreement by either Party to a designation of "CONFIDENTIAL" hereunder nor to the merits of any claims or defenses raised in this Lawsuit.

14. <u>Court Retains Jurisdiction</u>. The Court shall retain jurisdiction over the Parties for the purpose of ensuring compliance with this Order and granting such amendments, modifications, and additions to this Order and such other and further relief as may be necessary.

15. <u>Continuing Effect of this Order.</u> Neither the final disposition of this Lawsuit, by judgment, dismissal, settlement, or otherwise, nor the termination of employment of any person who had access to any CONFIDENTIAL Discovery Material shall relieve any

10

person from the obligations of maintaining both the confidentiality and the restrictions of use of anything disclosed pursuant to this Order except as expressly agreed by the Parties in a fully executed writing.

16. <u>Modification of this Order</u>.  Any Party may apply to the Court for modification of this Order at any time or for the establishment of additional protection governing the use of CONFIDENTIAL Discovery Material.  Nothing in this Order shall preclude the Parties from moving to amend or modify this Order by stipulation, so long as any such modification or amendment is in a signed writing.  The Court may modify the terms and conditions of the Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

17. <u>Entry and Enforcement of Order by the Court.</u>  The Parties stipulate to this Order for entry by the Court and agree to be bound by the terms effective as of the date the Stipulation for Entry of a Protective Order was fully executed by the Parties, as if the Order had been entered on that date.  The Court may impose sanctions on any person possessing or granted access to CONFIDENTIAL Discovery Material pursuant to this Order who discloses or uses the CONFIDENTIAL Discovery Material for any purpose other than as authorized by this Order or who otherwise violates the terms of this Order. All persons to whom CONFIDENTIAL Discovery Material is disclosed shall be subject to the jurisdiction of this Court for the purpose of enforcing this Order and the disclosing Party is obligated to ensure that all such persons are aware and agree to be bound by this Court's jurisdiction prior to disclosure.  This Order shall continue in full force and effect, and shall be binding upon the Parties and all persons to whom CONFIDENTIAL Discovery Material has been disclosed, both during and after the pendency of this case.

+

| | |
|---|---|
| By: */s/ Amanda R. Jesteadt*<br>Karl O. Riley<br>Nevada Bar No. 12077<br>Email: kriley@swlaw.com<br>**SNELL & WILMER L.L.P.**<br>3883 Howard Hughes Parkway, Suite 1100<br>Las Vegas, NV 89169<br>Telephone (702) 784-5200<br>Facsimile (702)784-5252<br><br>James B. Baldinger (*Admitted pro hac vice*)<br>Florida Bar No. 869899<br>Email: jbaldinger@carltonfields.com<br>Stacey K. Sutton (*Admitted pro hac vice*)<br>Florida Bar No. 289530<br>Email: ssutton@carltonfields.com<br>Amanda R. Jesteadt (*Admitted pro hac vice*)<br>Florida Bar No. 73149<br>**CARLTON FIELDS JORDEN BURT, P.A.**<br>525 Okeechobee Boulevard, Suite 1200<br>West Palm Beach, Florida 33401<br>Telephone (561) 659-7070<br>Facsimile (561) 659-7368<br>Fax: (561) 659-7368<br>*Attorneys for MetroPCS* | By: */s/ Adam J. Breeden*<br>Adam J. Breeden (*e-signature authorized*)<br>Nevada Bar No. 008768<br>Email: adam@breedenandassociates.com<br>**BREEDEN & ASSOCIATES, PLLC**<br>7432 W. Sahara Ave., Suite 101<br>Las Vegas, NV 89117<br>Telephone (702) 508-9250<br>Facsimile (702) 508-9365<br>*Attorney for Defendants* |

IT IS SO ORDERED:

_[signature]_

**CARL W. HOFFMAN**
**UNITED STATES MAGISTRATE JUDGE**

DATED: April 12, 2018

12

114315361.1

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| METROPCS, a brand of T-MOBILE USA, INC., a Delaware Corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>A2Z CONNECTION, LLC, a Nevada limited liability corporation; A2Z LLC, a Nevada limited liability corporation; AMIR QURESHI a/k/a AMIER QURESHI, a/k/a AMIER I. QURESHI, a/k/a AMIER F. QURESHI, SR.; ASIM QURESHI a/k/a ALEX QURESHI, a/k/a AZIM QURESHI a/k/a AZIM DeDREAM, and SEHER QURESHI,<br><br>        Defendants. | CASE NO. 2:15-cv-01412-JAD-CWH |

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Nevada in matters relating to the Stipulated Protective Order and understands that the terms of the Stipulated Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Stipulated Protective Order may result in penalties, including contempt of court.

13

114315361.1

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date:_____  _____
Signature

14

114315361.1