# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MetroPCS, | Case No.: 2:15-cv-01412-JAD-CWH |
| Plaintiff | **Order re: Defaults and Default Judgments** |
| v. | [ECF Nos. 45, 49] |
| A2Z Connection, LLC, et al., | |
| Defendants | |

Last June, I granted MetroPCS's motion for default judgment against all of the defendants and permanently enjoined each of them from accessing MetroPCS's computer networks, using MetroPCS's marks or confusingly similar ones, and holding themselves out as being associated with MetroPCS.[1] The Clerk of Court then entered default judgment against the defendants and in MetroPCS's favor in the amount of $835,900.80.[2] Amir Qureshi now moves to set aside the default judgment against him under FRCP 60(b)(4) as void for lack of personal jurisdiction, and Alex and Seher Qureshi and their companies, A2Z, LLC and A2Z Connection, LLC, move to set the judgment against them aside under FRCP 60(b)(1) for excusable neglect.[3]

Defendants have shown that good cause exists to relieve Alex and Seher from the default judgment, so I grant their motion in part and set aside the default judgment against them. Because the standard to set aside a default for good cause is the same as the one to set aside a default judgment, I sua sponte set aside the defaults against Alex and Seher, too. As to the A2Z companies, defendants have not shown that good cause exists to relieve them from the default

---

[1] ECF No. 41.
[2] ECF No. 42.
[3] ECF Nos. 45, 49.

judgment, but they are allegedly jointly liable with Alex and Seher, who are entitled to that relief, so I sua sponte set aside the default judgment against the A2Z companies under the doctrine announced by the Supreme Court in *Frow v. De La Vega*.[4] I do not, however, set aside the defaults against these companies.

I find that Amir has shown that the default judgment is void against him for lack of personal jurisdiction, so I grant his motion to set it aside and also set aside the default against him. I do not, however, dismiss any of the claims that have been alleged against Amir—for me to consider that relief, Amir will need to file a proper motion to dismiss. And having unwound these defaults and default judgments, I direct the Clerk of Court to reopen this case.

## Discussion

**A.      Motion to set aside default judgment under FRCP 60(b)(1) [ECF No. 49]**

*1.      Legal standard for setting aside default judgment under FRCP 60(b)(1)*

Rule 60(b) of the Federal Rules of Civil Procedure authorizes district courts to relieve parties from default judgment for several reasons, including excusable neglect, newly discovered evidence, fraud, the judgment is void, or the judgment has been satisfied.[5] In deciding whether to set aside a default judgment, courts are guided by two policy concerns.[6] "First, Rule 60(b) is meant to be remedial in nature and therefore must be liberally applied. Second, judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits."[7] To ensure that these policies are carried out, in *Falk v. Allen*, the Ninth Circuit articulated three factors that courts must evaluate: "(1) whether the

---

[4] *Frow v. De La Vega*, 82 U.S. 552 (1872).
[5] Fed. R. Civ. P. 55(c), 60(b).
[6] *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).
[7] *Id.*

2

plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default."[8] The *Falk* factors are applied disjunctively—meaning any one of them "is a sufficient reason for the district court to refuse to set aside the default [judgment]."[9]

As the movants, the defendants bear the burden of proving that a justification for Rule 60(b) relief exists.[10] I accept the movant's factual allegations as true, but "'mere legal conclusions, general denials, or simple assertions that the movant has a meritorious defense' are . . . insufficient to justify upsetting the underlying judgment."[11]

### 2. Applying the *Falk* factors

#### a. *Defendants haven't shown that MetroPCS won't be prejudiced.*

The first *Falk* factor requires me to consider whether MetroPCS will be prejudiced if the default judgment is set aside. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, 'the standard is whether [plaintiff's] ability to pursue [its] claim will be hindered.'"[12] Defendants baldly conclude that MetroPCS's ability to pursue its claims won't be hindered because they don't know of any evidence or witnesses that have been lost.[13] Defendants don't offer any evidence to back up this statement, nor do they provide assurances that all of their potentially discoverable materials have

---

[8] *Id.*

[9] *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (*Mesle*); *accord U.S. v. Aguilar*, 782 F.3d 1101, 1105 (9th Cir. 2015).

[10] *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988).

[11] *Id.* (alteration in brackets omitted) (quoting *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978)).

[12] *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001), (quoting *Falk*, 244 F.3d at 463).

[13] ECF No. 49 at 17–18.

3

been maintained. When MetroPCS pointed out this failing and argued that its ability to discover evidence from defendants and third parties will be difficult given the passage of time, defendants replied that all of the evidence that MetroPCS needs to prosecute its claims is already in the record because MetroPCS obtained a default judgment against them.[14] This is no assurance, and it ignores the fact that after the entry of default, the complaint's factual allegations are taken as true, except those relating to damages.[15] Defendants haven't shown that MetroPCS's ability to prosecute its claim won't be hindered, so this factor favors denying their motion for relief from the default judgment.

### b. *Defendants have shown that they have a potentially meritorious defense.*

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy."[16] To satisfy this requirement, defendants need only "allege sufficient facts that, if true, would constitute a defense: 'the question whether the factual allegation [i]s true' is not to be determined by the court when it decides the motion to set aside the default. Rather, that question 'would be the subject of the later litigation.'"[17]

Alex declares that he is "in the business of legally reselling cellular phones [and] brokering the sale between purchasers and buyers."[18] He explains that he did business under A2Z, LLC in the past and then A2Z Connection, LLC, and that his brother and co-defendant,

---

[14] ECF No. 59 at 5.

[15] *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam); Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

[16] *TCI Grp. Life Ins. Plan*, 244 F.3d at 700.

[17] *Mesle*, 615 F.3d at 1094 (quoting *TCI Grp. Life Ins. Plan*, 244 F.3d at 700).

[18] ECF No. 49-2 at 3, ¶ 5.

4

Amir, "was involved" in A2Z, LLC, "but we are now separate and [Amir] is not involved in A2Z Connection, LLC."[19] Alex claims that he has "never knowingly acquired phones from illegal sources such as theft."[20] He has "never personally acquired MetroPCS phones for resale[,]" and didn't "know anything about the transaction for MetroPCS phones described in the [c]omplaint until served with the same."[21] Alex claims, "I certainly did not have over [1,000] MetroPCS phones. I did not acquire them, own them, store them, unlock them[,] or try to resell them."[22] Alex repeats that "I did not unlock any MetroPCS cellular phones."[23]

Alex's wife and co-defendant, Seher, declares that Alex resells cellphones for a living.[24] She admits to being a managing member of A2Z, LLC but says that she has no active role in the business and does not assist Alex in reselling cellphones; she used to be a dentist and is now a stay-at-home mother.[25] She has "never acquired, sold[,] or unlocked any MetroPCS cellular phones."[26] Seher says that she had no knowledge of the transactions alleged in the complaint until she was served with it.[27] Alex and Seher both acknowledge that Amir is in the cellphone-resale business.[28]

---

[19] *Id.* at ¶ 10.
[20] *Id.* at ¶ 7.
[21] *Id.* at ¶¶ 11–12.
[22] *Id.* at 4, ¶ 22.
[23] *Id.* at ¶ 26.
[24] ECF No. 49-3 at 3, ¶ 4.
[25] *Id.* at ¶ 6.
[26] *Id.* at ¶ 10.
[27] *Id.* at ¶ 9.
[28] ECF No. 49-2 at 3, ¶ 6; ECF No. 49-3 at 3, ¶ 5.

5

I granted default judgment in MetroPCS's favor on its claims for federal trademark infringement, contributory infringement, and common law unfair competition.[29] According to MetroPCS, defendants are engaged in a "conspiracy to sell and offer for sale materially-different MetroPCS [phones], removed from packaging[,] . . . devoid of the manufacturer's warranty," and that have been altered so as to no longer work on the MetroPCS network.[30] If credited, Alex's and Seher's testimony that they have never acquired MetroPCS cellphones for resale could present a meritorious defense to these claims. But neither individual defendant offers the same or similar testimony about their A2Z companies. This factor thus favors relieving Alex and Seher, but not the A2Z companies, from the default judgment.

### c. *Defendants have shown that Seher's conduct isn't culpable.*

The third factor requires me to consider whether the default judgment is the product of the defendants' culpable conduct. "A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer."[31] That is, "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond."[32] But a "neglectful failure to answer" isn't necessarily "intentional" if the defendant offers a credible, good-faith explanation for the omission that negates "any intention" to take advantage of the opposing party, interfere with the decision-making process, or otherwise manipulate the legal process.[33]

---

[29] ECF No. 41 at 4–5.
[30] ECF No. 40 at 10.
[31] *TCI Group Life Ins.*, 244 F.3d at 697 (quotation marks and quoted reference omitted).
[32] *Id.* at 698.
[33] *Id.* at 697–98.

6

Alex and Seher admit that they received actual notice of this lawsuit when they were served with summonses and copies of the complaint.[34] Alex explains that he did not respond to the lawsuit because he didn't know anything about the alleged transactions, "how to best handle the lawsuit[,]" or that he would be pursued for $835,900.80 in damages.[35] He says that he consulted with Amir and an attorney but never hired the attorney.[36] Alex says that Amir told him that "he would handle the lawsuit."[37] Seher declares that she didn't respond to the lawsuit because, when she was served with process, she had just recovered from treatment for thyroid cancer and become pregnant with her first child, and Alex and Amir told her "they were going to handle the lawsuit, more so [Amir]."[38] Seher also declares that she didn't have a clue that she was being sued for more than $800,000.[39]

The record shows that MetroPCS mailed a copy of everything that it filed in this case to each of these defendants, including the motions for clerk's entry of default,[40] first motion for entry of default judgment and permanent injunction,[41] and the amended motion for default judgment and permanent injunction.[42] That defendants ignored multiple mailings of multiple motions over two years on the basis that Amir told them that he'd handle the suit is rather incredible. So, too, is defendants' claim that they didn't respond to the lawsuit because they

---

[34] *See* ECF Nos. 49-2 at 4, ¶ 19; 49-3 at 3, ¶ 11.

[35] ECF No. 49-2 at 3, ¶¶ 12–16.

[36] ECF No. 49-2 at 4, ¶ 19.

[37] *Id.* at 20.

[38] ECF No. 49-3 at 3, ¶¶ 11–12.

[39] *Id.* at ¶ 13.

[40] ECF Nos. 28 at 2; 29 at 4; 30 at 4; 32 at 4.

[41] ECF No. 35 at 3–4.

[42] ECF No. 40 at 40.

7

thought it was only about the five cell phones that Amir admittedly sold to a MetroPCS investigator and, thus, didn't think that this was a high-value case.[43]

Alex's explanations reveal that he deliberately failed to respond to the lawsuit after consulting with an attorney. Absent an explanation, "it is fair to expect that individuals who have previously been involved in litigation or have consulted with a lawyer appreciate the consequences of failing to answer and do so only if they see some advantage to themselves."[44] Seher's physical-health issues at the time that she was served with process and her lack of attorney consultation are inconsistent with a deliberate failure to respond. Thus, this factor favors setting aside the default judgment against Seher, but not the other defendants.

The Ninth Circuit has explained that "[t]he *Falk* factors quite effectively capture in the default judgment context the very equitable factors involved in the balance between the competing interest in assuring substantial justice and in protecting the finality of judgments that underlies Rule 60(b)(1)."[45] The easiest question to answer is whether defendants have shown that good cause exists to relieve the A2Z companies from the default judgment. They haven't. The A2Z companies act through their managers, Alex and Seher, and neither has shown that MetroPCS won't be prejudiced if I relieve them—let alone their companies—from the default judgment. Alex and Seher also haven't presented any specific facts that would constitute a meritorious defense for the A2Z companies. Alex and Seher both declare that they personally haven't acquired MetroPCS cellphones for repurchase, but they don't connect that denial to their

---

[43] MetroPCS clearly alleges that the conspiracy involved "large quantities" of MetroPCS cellphones that were obtained "in bulk for resale." ECF No. 1 at ¶¶ 36–38. MetroPCS also alleges that Amir told its investigators that the defendants had over 1,000 MetroPCS cellphones available for purchase. *Id.* at ¶¶ 39–41.

[44] *TCI Grp. Life Ins. Plan*, 244 F.3d at 699 n.6.

[45] *Id.* at 696.

8

companies. Seher has shown that she was not culpable in failing to respond to this lawsuit, but she and Alex are both adamant that she is the manager of A2Z, LLC in name only, so there is no reason for that entity to benefit from her lack of culpability.

Whether defendants have shown good cause to relieve Seher from the default judgment is slightly more difficult to answer. Seher has shown that her conduct is not culpable and that she can present a meritorious defense to MetroPCS's claims. I therefore find that Seher has shown that her failure to respond to the lawsuit is "'excusable,' and in the interests of substantial justice the better course" is to "vacate the default judgment and decide the case on the merits."[46]

Alex presents a more difficult question. His conduct is culpable and he has not shown that MetroPCS's ability to prosecute its claims against him won't be hindered. But Alex has shown that he has a meritorious defense to MetroPCS's claims. The lopsided result of analyzing the *Falk* factors for Alex leads me to conclude that this case borders on the extreme where judgment by default is appropriate. But, guided by the twin policy concerns that surround motions seeking to set aside default judgments, I conclude that the case against Alex also must be decided on its merits. I therefore grant defendants' motion as to only Alex and Seher, and because the test for setting aside a clerk's entry of default for good cause is the same as the one for setting aside a default judgment,[47] I sua sponte set aside the defaults against them, too.

---

[46] *See id.* at 696–97.

[47] *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004) ("The 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b).").

### 3. The *Frow* doctrine counsels against default judgments against the A2Z companies.

The Supreme Court held in *Frow v. De La Vega* that, "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants."[48] Although defendants have not shown good cause to relieve the A2Z companies from the default judgment, MetroPCS alleges that these companies are jointly liable with Alex and Seher, who are entitled to that relief. Relieving Alex and Seher, but not their companies, from the default judgment might result in the "absurdity" of one court decree sustaining the charge of joint fraud against the defendants—default judgment against the A2Z companies—and another disaffirming that charge against Alex and Seher. Therefore, I apply the *Frow* doctrine and sua sponte set aside the default judgment against the A2Z companies. I do not, however, set aside the defaults against these companies.

### B. Motion to set aside default judgment under FRCP 60(b)(4) [ECF No. 45]

Amir Qureshi moves under FRCP 60(b)(4) to set aside the default judgment as void.[49] Courts do not apply the *Falk* factors when deciding motions under FRCP 60(b)(4) because those motions "differ markedly" from the ones brought "under other clauses of Rule 60(b)."[50] Indeed,

---

[48] *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872)).

[49] ECF No. 45.

[50] *Thomas P. Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica*, 614 F.2d 1247, 1256 (9th Cir. 1980) (quotation marks and quoted reference omitted); *accord S.E.C. v. Internet Solutions for Business Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007) (explaining that, when deciding a motion under FRCP 60(b)(4), the district court is "without its normal discretion to grant or deny the motion and, therefore, consideration of the merits of the defense, prejudice, or culpability was not proper").

"[t]here is no question of discretion on the part of the court when a motion is under Rule 60(b)(4)."[51] "Nor is there any requirement . . . that the moving party show that he has a meritorious defense. Either a judgment is void or it is valid. Determining which it is may well present a difficult question, but when that question is resolved, the court must act accordingly."[52] Thus, I do not apply the *Falk* factors in deciding Amir Qureshi's set-aside motion.

A final judgment is "void" for FRCP 60(b)(4) purposes "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."[53] Amir argues that family visits are his only contact with Nevada, so the judgment is void because personal jurisdiction is lacking.[54] MetroPCS responds that Amir waived the personal-jurisdiction defense through litigation conduct, and he hasn't shown that there is no arguable basis for personal jurisdiction.[55]

### 1. *Amir has not waived his personal-jurisdiction challenge.*

Because the personal-jurisdiction requirement recognizes and protects an individual liberty interest, "it can, like other such rights, be waived."[56] A defendant abandons a personal-jurisdiction defense when he or she fails to raise it in either a responsive pleading or a Rule 12 motion.[57] Though timely raising a Rule 12 defense will ordinarily preserve it, "raising the

---

[51] *Thomas P. Gonzalez Corp.*, 614 F.2d at 1256 (quotation marks and quoted reference omitted).

[52] *Id.* (quotation marks and quoted reference omitted).

[53] *Untied Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010); *accord S.E.C. v. Internet Solutions for Business Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007) (quoting *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999)).

[54] ECF No. 45.

[55] ECF No. 51.

[56] *Dow Chemical Co. v. Calderon*, 442 F.3d 827, 831 (9th Cir. 2005) (internal citations and quotations omitted).

[57] Fed. R. Civ. P. 12(h).

11

defense at an early stage of the proceedings does not mean that a party cannot thereafter waive it."[58] Like most defenses, "lack of personal jurisdiction may be waived as a result of the course of conduct pursued by a party during litigation."[59]

MetroPCS argues that Amir abandoned any personal-jurisdiction defense through his litigation conduct.[60] The conduct that MetroPCS identifies is that Amir's attorney successfully negotiated an extension of the deadline for the defendants to respond to the complaint and unsuccessfully negotiated to settle this case.[61] But those negotiations were short lived and occurred before litigation began in earnest. Indeed, Amir never responded to the complaint and was defaulted a mere two months after MetroPCS filed its complaint.[62] Also, the attorney who negotiated for Amir never appeared in this case—neither did Amir until after default judgment had been entered—and there is no evidence that either Amir or his attorney misled MetroPCS into believing that Amir was abandoning this defense. MetroPCS points out that Amir's attorney never once raised the personal-jurisdiction defense during negotiations,[63] but I am not persuaded that silence constitutes the kind of "deliberate, strategic behavior" or "sandbagging" that "may cause the defense to be deemed waived."[64]

---

[58] *New Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1071, 1074 (C.D. Cal. 2003).

[59] *Peterson v. Highlands Music, Inc.*, 140 F.3d 1313, 1318 (9th Cir. 1998).

[60] ECF No. 51 at 5–7.

[61] ECF No. 51 at 5–6.

[62] *Compare* ECF No. 1 (complaint filed 7/24/15) *with* ECF No. 23 (clerk's default against Amir entered on 9/2/15).

[63] ECF No. 51 at 3.

[64] *See Peterson*, 140 F.3d at 1318.

MetroPCS cites my decision in *Aerodynamics Incorporated v. Caesars Ent. Operating Co., Inc.*[65] and the Second Circuit's decision in *Hamilton v. Atlas Turner, Inc.*[66] as support for its argument that Amir's conduct amounts to abandoning this defense.[67] The defendant in *Aerodynamics* raised personal jurisdiction as an affirmative defense in his answer to the complaint, but I found that he had thereafter "impliedly consented to this court's jurisdiction—most significantly by opposing and then submitting to this court's injunction orders for more than a year and by continuing to actively litigate this case for the past 14 months with no further jurisdictional challenge."[68] As for the defendant in *Hamilton*, the Second Circuit explained that it had "participated in pretrial proceedings but never moved to dismiss for lack of personal jurisdiction despite several clear opportunities to do so during the four-year interval after filing its answer."[69] The *Hamilton* court concluded that the circumstances before it "establish[ed] a forfeiture" by the defendant of its right to challenge personal jurisdiction.[70] Unlike these defendants, Amir did not participate in litigation at all, was defaulted after settlement talks fizzled two months into this case, and did not appear until after MetroPCS secured a default judgment against him. Amir did not abandon this defense.

---

[65] *Aerodynamics Inc. v. Caesars Ent. Operating Co., Inc.*, 2017 WL 1100901, at *2–3 (D. Nev. Mar. 21, 2017).

[66] *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 61–62 (2d Cir. 1999).

[67] ECF No. 51 at 5–6.

[68] *Aerodynamics Inc.*, 2017 WL 1100901, at *3.

[69] *Hamilton*, 197 F.3d at 62.

[70] *Id.*

### *2. Amir is entitled to relief from the default judgment.*

The record shows that Amir was served with summons and a copy of the complaint in August 2015 via substituted service on his mother, with whom he resided in Chicago, Illinois.[71] Amir doesn't argue that service was improper, nor does he dispute that he had actual notice of this case. He instead argues that personal jurisdiction is lacking because his only contact with Nevada is visiting his brother, co-defendant Alex. Amir thus bears the burden to show that this court lacked jurisdiction over him.[72] If the plaintiff has made a prima facie showing that the court can exercise personal jurisdiction over the defendant, then the defendant's burden to prove that he is entitled to vacate the default judgment "is a substantial one."[73] The Ninth Circuit has not articulated how heavy the defendant's burden would be in the absence of prima facie evidence of personal jurisdiction. Presumably, it would be less than substantial.

"When no federal statute governs personal jurisdiction, the district court applies the law of the forum state."[74] "Nevada's long-arm statute, NRS 14.065, reaches the constitutional limits of due process under the Fourteenth Amendment . . . ."[75] The due-process clause of the Fourteenth Amendment limits a court's power to bind a nonresident defendant to a judgment in the state in which it sits.[76] As the United States Supreme Court explained in the pathmaking

---

[71] ECF No. 11 at 2.

[72] *See Internet Solutions for Business, Inc.*, 509 F.3d at 1164–67 (concerning a motion under FRCP 60(b)(4) arguing that the default judgment is void due to improper service and explaining that, although the plaintiff generally has the burden to show that jurisdiction exists, "[t]he defendant who chooses not to put the plaintiff to its proof, but instead allows default judgment to be entered and waits, for whatever reason, until a later time to challenge the plaintiff's action, should have to bear the consequences of such delay").

[73] *See id.* at 1166.

[74] *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).

[75] *Viaga GmbH v. Eighth Jud. Dist. Ct.*, 328 P.3d 1152, 1156 (Nev. 2014).

[76] *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980).

*International Shoe* opinion, "[a]lthough a nonresident's physical presence within the territorial jurisdiction of the court is not required" for the exercise of personal jurisdiction, "the nonresident generally must have 'certain minimum contacts such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"[77] "[T]he defendant's conduct and connection with the forum State [must be enough] that he should reasonably anticipate being haled into court there."[78]

"There are two forms of personal jurisdiction that a forum state may exercise over a nonresident defendant—general jurisdiction and specific jurisdiction."[79] As far as Amir is concerned, I deal here only with the latter. Courts "apply a three-part test to determine whether the exercise of specific over a nonresident defendant is appropriate . . . ."[80] First, the nonresident "defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws."[81] Second, "the claim must be one which arises out of or relates to the defendant's forum-related activities."[82] Finally, "the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable."[83]

---

[77] *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

[78] *World-Wide Volkswagen Corp.*, 444 U.S. at 297.

[79] *Boschetto*, 539 F.3d at 1016.

[80] *Id.*

[81] *Id.* (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).

[82] *Id.*

[83] *Id.*

MetroPCS appears to argue that this court can exercise specific personal jurisdiction over Amir under an agency theory by imputing the contacts of Nevada A2Z companies onto Amir.[84] This theory is based entirely on MetroPCS's allegations that Amir "is an agent of" the A2Z companies and uses them to traffic and resell MetroPCS cell phones and "indicated" to MetroPCS's investigators that defendants "have offices in Chicago and Las Vegas . . . ."[85] These slim facts and conclusions do not make out a prima facie case that Amir is an agent of the A2Z companies. MetroPCS doesn't allege any facts about the nature of this relationship or even identify what contacts should be imputed to Amir. None of the evidence that MetroPCS provides in opposition to Amir's motion offers any additional clarity on this point. MetroPCS doesn't even address whether a resident principal's contacts with Nevada can be imputed to the nonresident agent. MetroPCS has not made a prima facie case that this court can exercise jurisdiction over Amir.

Amir argues that his only contact with Nevada is visiting his brother Alex who lives here.[86] To make this point, Amir declares that he resides in Illinois, has since 2001, and that he has never lived, owned property, registered a vehicle, or physically worked in Nevada.[87] He

---

[84] ECF No. 51 at 10. MetroPCS leaves the court to guess whether it is general or specific jurisdiction that it believes exists over Amir. The United States Supreme Court invalidated the Ninth Circuit's agency test for imputing general jurisdiction on a foreign corporation based on the contacts of its in-state subsidiary one year before MetroPCS filed this case, *Daimeler AG v. Bauman*, 571 U.S. 117 (2014), so I assume that it is angling for specific jurisdiction. I also assume that MetroPCS is proceeding solely under an agency theory because it offers neither allegation, argument, nor evidence about any alter-ego relationship between Amir and the A2Z companies.

[85] ECF No. 1 at 4, 9–12, ¶¶ 13, 33–42.

[86] *See generally* ECF No. 45-2.

[87] *Id.* at 3, ¶¶ 2–4, 7.

hasn't registered to vote in Nevada or had a Nevada telephone number.[88] Amir further declares that he has no ownership interest in, and has never been a managing member of, either of the A2Z entities,[89] nor has he been employed or paid by either of them.[90] Amir also (wrongly) characterizes this lawsuit as being about only the five phones that he admittedly sold to a MetroPCS investigator, and he declares that, when he sold the phones, it was not on behalf of any other defendant and he kept the money from that sale for himself.[91]

MetroPCS argues that Amir's self-serving declaration isn't sufficient evidence to show that jurisdiction is lacking. But Amir doesn't state conclusions, he states facts within his personal knowledge that would be admissible evidence. Amir's statements that he resides in Illinois is supported by the affidavit of MetroPCS's process server[92] and that he is not a managing member of the A2Z companies are supported by information on the Nevada Secretary of State's website.[93] Amir's evidence that jurisdiction is lacking isn't substantial, but it doesn't have to be because MetroPCS hasn't made a prima facie case for personal jurisdiction. Amir has shown that the default judgment is void for lack of personal jurisdiction, so I grant his motion to set it aside and also set aside the default against him. But I do not dismiss any of the claims that have been alleged against Amir; he must seek that relief through a separate motion.

---

[88] *Id.* at ¶¶ 5–6.
[89] *Id.* at 4, ¶ 16.
[90] *Id.*
[91] ECF No. 45-2 at 4, ¶ 16.
[92] ECF No. 11 at 2.
[93] https://www.nvsos.gov/sosentitysearch/CorpSearch.aspx (last accessed July 30, 2018) (searched by "Entity Name" for "A2Z, LLC" and "A2Z Connection, LLC").

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Alex and Seher Qureshi, A2Z, LLC, and A2Z Connections, LLC's motion to set aside default judgment **[ECF No. 49] is GRANTED in part: the default judgment [ECF No. 42] against Alex and Seher Qureshi is set aside.** The motion is **DENIED** in all other respects.

IT IS FURTHER ORDERED that the **defaults against Alex Qureshi, who is referred to on the default as "Asim Qureshi," [ECF No. 31] and Seher Qureshi [ECF No. 33] are set aside.**

IT IS FURTHER ORDERED that **the default judgment against A2Z, LLC and A2Z Connection, LLC [ECF No. 42] is set aside.**

IT IS FURTHER ORDERED that Amir Qureshi's motion to set aside default judgment **[ECF No. 45] is GRANTED: the default judgment [ECF No. 42] against Amir Qureshi is set aside.**

IT IS FURTHER ORDERED that **the default against Amir Qureshi [ECF No. 23] is set aside.**

IT IS FURTHER ORDERED that **Alex, Seher, and Amir Qureshi have until August 20, 2018, to answer or otherwise respond to MetroPCS's complaint.**

The Clerk of Court is directed to **REOPEN** this case for further proceedings consistent with this order.

Dated: August 9, 2018

_____
U.S. District Judge Jennifer A. Dorsey

18