# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MetroPCS,

    Plaintiff

v.

A2Z Connection, LLC, et al.,

    Defendants

Case No.: 2:15-cv-01412-JAD-CWH

**Order (1) Denying Motion to Dismiss, (2) Denying Motion to Supplement, and (3) Granting Motion to Strike Affirmative Defenses**

[ECF Nos. 78, 83, 92]

    Defendant Amir Qureshi previously moved to set aside the default and default judgment that had been entered against him as void for lack of personal jurisdiction. After careful review, I determined that "Amir's evidence that jurisdiction is lacking isn't substantial, but it doesn't have to be because MetroPCS hasn't made a prima facie case for personal jurisdiction."[1] So, I granted Amir's motion and set aside the default and default judgment against him. I did not dismiss any of the claims that have been alleged against Amir, but instead instructed that "he must seek that relief through a separate motion."[2]

    Amir now seeks that relief, arguing that I must apply the law-of-the-case doctrine and dismiss the claims against him without further consideration, or dismiss them for the reasons he argued before.[3] MetroPCS responds that either the law-of-the-case doctrine doesn't apply or these circumstances merit departing from that doctrine because MetroPCS has uncovered substantial new evidence that undercuts Amir's claim that his only contacts with Nevada were to visit family. Amir argues in reply that MetroPCS's burden at this stage is to satisfy the

---

[1] ECF No. 75 at 10–17.
[2] *Id.* at 17.
[3] ECF No. 78.

preponderance-of-the-evidence standard, and he objects that much of MetroPCS's evidence is inadmissible.[4] To address Amir's objections, MetroPCS moves to supplement its response with new evidence and reporter-certification pages for the deposition transcripts it provided.[5] It also moves to strike two affirmative defenses from Asim and Seher Qureshi's answer.[6]

For the reasons discussed below, I deny Amir's motion to dismiss. I did not consider evidence beyond two declarations in determining Amir's dismissal motion, so I deny as moot MetroPCS's motion to supplement its response to that motion. Finally, I grant MetroPCS's motion to strike with leave for Asim and Seher to amend their sixth affirmative defense but without leave to amend their twentieth defense.

## Discussion

**I. Amir's motion to dismiss for lack of personal jurisdiction [ECF No. 78] and MetroPCS's motion to supplement its response [ECF No. 92]**

**A. Substantially new evidence merits departing from the law of this case.**

"Under the 'law of the case' doctrine, 'a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.'"[7] But the doctrine "does not impinge upon a district court's power to reconsider its own interlocutory order provided that the district court has not been divested of jurisdiction over the order."[8] "For the doctrine to apply[,] the issue in question must have been decided explicitly or

---

[4] ECF No. 87.

[5] ECF No. 92.

[6] ECF No. 83.

[7] *U.S. v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (quoting *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir.), *cert. denied*, 508 U.S. 951 (1993)).

[8] *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001).

2

by necessary implication in the previous disposition."[9] But the law-of-the-case doctrine is a judicial construct that doesn't limit a tribunal's power, rather, it is a guide to judicial discretion.[10] So courts have discretion to depart from the doctrine where: (1) "the first decision was clearly erroneous[,]" (2) "an intervening change in the law has occurred[,]" (3) "the evidence on remand is substantially different[,]" (4) "other changed circumstances exist[,]" or (5) "a manifest injustice would otherwise result."[11]

Relying on this doctrine, Amir argues that I cannot revisit the question of whether MetroPCS has made a prima facie showing that personal jurisdiction exists over him because I explicitly decided that legal question when I granted his set-aside motion.[12] I agree that finding is the law of this case and I am not being asked to reconsider my prior order, but MetroPCS provides evidence in response to Amir's dismissal motion that is substantially different from what it provided in response to Amir's set-aside motion or alleges in its complaint. In light of this new evidence, I exercise my discretion to depart from the law of this case and decide Amir's dismissal motion on its merits.

**B.     MetroPCS's burden is to make a prima facie showing of jurisdictional facts.**

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate."[13] Unless the court conducts an evidentiary hearing, "the plaintiff need only make a prima facie showing of

---

[9] *U.S. v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000) (quotation and brackets omitted).

[10] *Alexander*, 106 F.3d at 876.

[11] *Id.*

[12] ECF No. 75 at 17.

[13] *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

3

jurisdictional facts."[14]  "In such cases, [the court] inquire[s] into whether the plaintiff's pleadings and affidavits make a prima facie showing of personal jurisdiction."[15]  Under this standard, "uncontroverted allegations in the complaint must be taken as true . . . . [and] [c]onflicts between the parties over statements contained in the affidavits must be resolved in the plaintiff's favor."[16]

Amir argues that MetroPCS is subject to the preponderance-of-the-evidence standard, which is higher than the prima facie standard, because I have "already conducted a hearing" and "reviewed substantial evidence" about the personal-jurisdiction issue.  ECF No. 87 at 2.  But I did not conduct a hearing on personal jurisdiction, nor did I look beyond the parties' allegations and declarations in deciding Amir's set-aside motion.  And I do not look beyond the parties' declarations in determining this motion either, so MetroPCS's burden remains making a prima facie showing of jurisdictional facts.

**C.    MetroPCS has shown that Nevada has specific jurisdiction over Amir.**

Amir relies on his previous declaration that his only contacts with Nevada are family visits.[17]  MetroPCS provides a host of new evidence, and what stands out is a declaration from Mark Devor, who testified about his work obtaining cellphones for A2Z in 2015.[18]  Devor's testimony directly controverts Amir's testimony that his only contacts with Nevada are family visits.  I do not look beyond the declarations at this time, so I must resolve these conflicts in MetroPCS's favor.[19]  Amir doesn't address Devor's testimony other than to argue that it isn't

---

[14] *Id.* (quotation omitted).
[15] *Id.* (quotation and brackets omitted).
[16] *Id.*
[17] ECF No. 78-1.
[18] ECF No. 84-1 at 52, ¶ 3.
[19] *See Schwarzenegger*, 374 F.3d at 800.

4

new. But Devor testified that when MetroPCS sued him and another employee in 2016, he never appeared despite being served with process.[20] MetroPCS explains that it did not hear from Devor until September 2018 after he was served with an order to show cause why he should not be held in contempt for failing to appear at a post-judgment deposition in that case.[21] I am persuaded that MetroPCS could not have provided this evidence in time for me to consider it when I ruled on Amir's set-aside motion.

According to Devor, Amir was his "direct boss" at A2Z who managed his day-to-day work, and with whom he met several times in Las Vegas, Nevada, to receive his work instructions.[22] The directions given during a May 2015 meeting in Las Vegas included that Devor was to obtain MetroPCS cellphones as quickly and cheaply as possible from MetroPCS stores by paying cash and focusing on new Samsung Galaxy and LG phones.[23] It was agreed during this meeting that Devor would be paid at the end of each day for the cellphones that he had acquired.[24] Amir instructed Devor to open a Bank of America bank account.[25] Devor also met Amir in Las Vegas in June 2015 and obtained payment from him for the 400 cellphones that

---

[20] ECF No. 84-1 at 52, ¶ 2.

[21] ECF No. 84 at 5, n.5. I take judicial notice of the docket in *MetroPCS v. Mark Devor*, 16-cv-2949 (N.D. Ill.), which reflects that the Clerk of Court entered default against Devor on May 24, 2016, and default judgment against him on October 7, 2016. The district court issued an order to show cause why Devor should not be held in contempt for violating its order compelling him to attend post-judgment depositions on August 30, 2018, which MetroPCS withdrew during the hearing held on October 4, 2018. Devor's declaration in this case was executed on September 18, 2018, so between these dates. ECF No. 84-1 at 54.

[22] ECF No. 84-1 at 52–54, ¶¶ 4–7.

[23] *Id.* at 53, ¶ 6.

[24] *Id.*

[25] *Id.*

5

Devor had obtained and Amir also paid Devor's "living expenses" like hotel costs.[26] MetroPCS relies on these facts to argue that Nevada can exercise specific jurisdiction over Amir.

Under the three-prong test for analyzing a claim of specific jurisdiction, (1) the nonresident defendant must have purposefully availed himself of the privilege of conducting activities in the forum or purposefully directed his activities toward the forum; (2) the claim must arise out of or relate to the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable.[27] If the plaintiff satisfies the first two prongs, "the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable."[28]

Under the first prong, "[e]vidence of availment is typically action taking place in the forum that invokes the benefits and protections of the laws in the forum."[29] While "[e]vidence of direction generally consists of action taking place outside the forum that is directed at the forum."[30] Devor's testimony about the acts that Amir purposefully committed in Nevada in his capacity as an employee of a Nevada entity and in furtherance of an alleged cellphone-unlock-and-resale scheme is enough to satisfy the first prong under a purposeful availment analysis.[31] The second prong is also satisfied because MetroPCS's claims against Amir arise out his

---

[26] *Id.* at 53–54, ¶ 7.

[27] *Schwarzenegger*, 374 F.3d at 802.

[28] *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)).

[29] *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006).

[30] *Id.*

[31] Amir's argument that MetroPCS's evidence fails the *Calder v. Jones* "effects" test is misplaced because that test is applied in purposeful-direction cases; this is a purposeful-availment case. ECF No. 78 at 5–6 (citing *Calder v. Jones*, 465 U.S. 783 (1984)).

6

Nevada-related activities of directing, managing, and paying A2Z employees for their part of the alleged scheme of acquiring MetroPCS cellphones for him to resell.[32]

MetroPCS has satisfied the first two prongs, so the burden shifts to Amir to demonstrate that it would be unreasonable for a Nevada court to exercise jurisdiction over him. Amir argues that it would be unfair to subject him to jurisdiction in Nevada because his "interjections" into this state "are miniscule" and his burden of defending a case in a state nearly 2,000 miles away are high. He contends that Nevada "would seem to have little interest in adjudicating this dispute between a company not based in Nevada and an Illinois resident for conduct that occurred in California."[33] The facts that Amir relies on to make these points are directly controverted by MetroPCS's evidence, a dispute I must resolve in MetroPCS's favor.

Amir argues in reply that MetroPCS's evidence shows only that Amir attended meetings in Nevada, not that he committed any act in furtherance of the alleged scheme in this state.[34] But this isn't a fair characterization of the evidence. Devor did testify that both Amir and Asim were at the Las Vegas meetings, but he clearly identifies Amir as his direct boss at A2Z and he distinguishes between the directions he received from Amir, the ones he received from Asim, and the ones he received from both brothers.[35] Devor testifies only about directions that he received from the brothers in person in Nevada. Amir has failed to demonstrate that he could not

---

[32] MetroPCS alleges 14 claims sounding in tort and fraud against the defendants for the alleged scheme to buy, unlock, and resell MetroPCS cellphones, including tortious interference, conspiracy to commit fraud, fraud, trafficking in computer passwords in violation of 18 U.S.C. § 1030(a)(6), and trademark infringement. ECF No. 1.

[33] ECF No. 78 at 9 (incorrectly referring to this as the "third part" of the *Calder* "effects" test).

[34] ECF No. 87 at 10–11.

[35] *See, e.g.,* ECF No. 84-1 at 53, ¶ 6.

reasonably expect to be sued in Nevada for actions he allegedly committed in his capacity as an employee of a Nevada entity in furtherance of a scheme run through that entity.

MetroPCS has made a prima facie showing that Nevada has specific jurisdiction over Amir, so I deny Amir's motion to dismiss. The only evidence I considered in making this determination are the declarations from Amir and Devor. Accordingly, I need not—and do not—consider Amir's objections to MetroPCS's other pieces of new evidence,[36] and I deny as moot MetroPCS's motion to supplement its response to the dismissal motion.[37]

## II. MetroPCS's motion to strike affirmative defenses [ECF No. 83]

Finally, MetroPCS moves to strike the sixth and twentieth affirmative defenses from Asim and Seher's answer.[38] Motions to strike are generally disfavored; the purpose of these motions "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues" before trial.[39] Federal Civil Procedure Rule 12(f) authorizes district courts to strike "an insufficient defense" from a pleading. "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."[40] The fair-notice pleading standard "generally requires the defendant to state the nature and grounds for the affirmative defense. It does not, however, require a detailed statement of facts."[41]

---

[36] ECF No. 87 at 8–10.

[37] ECF No. 92.

[38] ECF No. 83.

[39] *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

[40] *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979).

[41] *Kohler v. Staples the Office Superstore, LLC*, 291 F.R.D. 464 (E.D. Cal. 2013) (citing *Conley v. Gibson*, 355 U.S. 41, 47–48 (1957)).

8

Asim and Seher's sixth affirmative defense, entitled "failure to enjoin a necessary party," states that "Plaintiff has failed to join an indispensable party to this action in accordance with NRCP 19 and/or the Defendant is not a proper party to this litigation."[42] MetroPCS argues that this defense is deficient because it is really two defenses and it doesn't indicate who the allegedly indispensable-but-not-named party is. Nor does it identify which defendant is not properly named and why. Asim and Seher respond that this defense gives adequate notice because it identifies the legal theory on which it is based and FRCP 8(d)(2) allows them to make two or more alternative or hypothetical statements of a defense in a single defense.[43]

Both parts of this defense are deficient because they state only the nature of the defense, not the grounds for it. For the first part, Asim and Seher must invoke the correct procedural rule—FRCP 19, not NRCP 19—and identify either the persons or categories of persons whom they contend MetroPCS failed to join. And for the second part of this defense, Asim and Seher must identify which defendants are not proper parties and why. Thus, I strike Asim and Seher's sixth affirmative defense without prejudice and with leave to amend their answer to cure these deficiencies.

Asim and Seher's twentieth affirmative defense, entitled "reservation of defenses," states that "[p]ursuant to FRCP 11, all of the Defendants' affirmative defenses may not have been know at the time of answering and therefore the Defendants reserve their right to amend this answer and plead such affirmative defenses once they are discovered."[44] Asim and Seher admit in response to the motion to strike that this is not a true affirmative defense and that any

---

[42] ECF No. 76 at 8.
[43] ECF No. 93 at 4.
[44] ECF No. 76 at 10.

amendment requires compliance with Rule 15. But they ask me not to strike it because MetroPCS has not shown that it has been prejudiced. Because a reservation of rights to assert additional defenses is neither appropriate under the Federal Rules of Civil Procedure nor an affirmative defense, I strike Asim and Seher's twentieth affirmative defense with prejudice and without leave to amend.

## Conclusion

IT IS HEREBY ORDERED that Amir's motion to dismiss **[ECF No. 78] is DENIED** and MetroPCS's motion to supplement its response **[ECF No. 92] is DENIED as moot.**

IT IS FURTHER ORDERED that MetroPCS's motion to strike affirmative defenses from Asim and Seher's answer **[ECF No. 83] is GRANTED**. Asim and Seher's sixth affirmative defense is STRUCK without prejudice and with leave to amend and their twentieth affirmative defense is STRUCK with prejudice and without leave to amend.

Dated: March 18, 2019

_____
U.S. District Judge Jennifer A. Dorsey