# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| METROPCS,<br><br>  Plaintiff,<br><br>v.<br><br>A2Z CONNECTION, LLC, et al.,<br><br>  Defendants. | Case No. 2:15-cv-01412-JAD-DJA<br><br>**ORDER** |

Presently before the Court are the following: Plaintiff's Motion to Compel (ECF No. 142), Motion to Quash (ECF No. 145) filed by third parties VIP Ballers, LLC, VIP Ballers, L.L.C., and Cellpoint Global, LLC, Defendants' Motion to Compel (ECF No. 153), Plaintiff's Motion for Protective Order (ECF No. 157), Plaintiff's Motion to Compel (ECF No. 167), and Plaintiff's Motion to Seal (ECF No. 168). I have also considered the associated response and reply briefs. The Court finds this matter properly resolved without a hearing. *See* Local Rule 78-1. As such, the Court will vacate the hearing set for January 13, 2020.

The Court will start with Plaintiff's Motion to Compel (ECF No. 142). Under Rule 26(b)(1), a party may obtain discovery for any nonprivileged matter that is (1) relevant to any party's claim or defense; and (2) proportional to the needs of the case. Under Rule 37(a), if a party fails to produce requested discovery, the other party may move to compel that discovery. The party resisting discovery bears the burden of showing why that discovery should not be permitted by stating, in detail, the reasons why each request is objectionable. Boilerplate, generalized objections are equivalent to making no objection at all.

At issue are: (1) Defendant Seher's deficient discovery responses, (2) Defendants Asim and Amier's deficient discovery responses, (3) the temporal scope of the requested discovery and (4) Defendants' refusal to provide lists of banks and financial institutions. The Court is not

persuaded by Defendants' argument that Plaintiff failed to engage in a good faith effort to meet and confer on the items in dispute. Given the contentious nature of this case and long history, including counsel changes, Court intervention at this point is appropriate rather than ordering a further meet and confer on this topic. Moreover, having reviewed the responses provided by Defendants, they include largely boilerplate objections that are equivalent to making no objection at all. Further, their objections were waived as they did not timely respond. Finally, the paucity of documents produced raises skepticism that a good faith search of records in possession of the Defendants was performed.

As for Defendant Seher's failure to respond to the interrogatories and requests for production of documents that were due on 2/6/19, it is not excusable. In the response, Seher indicates that responses were provided after the instant motion was filed, which is clearly not compliant with the Federal Rules. Seher waived objections by responding late - besides objections regarding privilege. To the extent Seher withheld information based on those late-objections, Seher shall serve amended responses including a complete list of banks and other financial institutions that she believes possess responsive information within 14 days of today.

As for Defendant Amier, to the extent he withheld information based on late objections, he shall serve amended responses including a complete list of banks and other financial institutions that he believes possess responsive information within 14 days of today.

As for Defendant Asim, to the extent he withheld information based on late objections, he shall serve amended responses including a complete list of banks and other financial institutions that he believes possess responsive information within 14 days of today.

As for the temporal scope, the Court finds that Judge Hoffman's previous limitation to January 1, 2013 was proportional to the post-execution discovery, but did not set a temporal limit on scope of discovery on Plaintiff's substantive claims. The Court will grant Plaintiff's requested scope given the allegations of conspiracy at issue and permit a five year look back from the date the complaint was filed. Discovery under the amended Federal Rules does not permit hiding the ball; it encourages transparency with the knowledge that not all discovery will be admissible in

the event of a trial. The Court finds that the requested records are relevant and proportional to the claims at issue.

Moreover, as to the bank records responsive to interrogatory 7 and requests for production 12, 19, and 20, the Court will order them to be produced without redaction. To the extent the concern is privacy or confidentiality, a protective order will alleviate that concern. Therefore, Plaintiff's Motion to Compel (ECF No. 142) is granted and Plaintiff will be provided with an opportunity to seek fees and costs, which will be addressed at the end.

The Court will now turn to Plaintiff's second Motion to Compel (ECF No. 167). At issue are: (1) Defendants' failure to produce requested ESI and (2) Plaintiff's request for a deposition regarding document preservation and retention from Defendants. Similar to Plaintiff's first Motion to Compel, the Court finds Defendants' responses largely insufficient. Plaintiff's allegations of Defendants' failure to preserve ESI and even outright attempts to prevent Plaintiff from obtaining documents from third parties are disturbing. Plaintiff has identified invoices obtained elsewhere that should have been included in any production from Defendants arising from a search of their business accounts. The existence of such documents produced from other sources raises significant concerns about the completeness of the search conducted by Defendants in providing responses to Plaintiff's requests for production of documents regarding ESI.

In fact, the case law in this District is clear that Plaintiff is entitled to know what categories of ESI Defendants preserved and collected and how a reasonable search for responsive documents was performed with sufficient specificity to demonstrate due diligence. *See, e.g. V5 Techs. v. Switch, Ltd*., 332 F.R.D. 356, 367 (D. Nev. 2019) (ordering a sworn declaration from a proper custodian identifying with particularity the details of each of the searches conducted and supplemental production of all non-privileged responsive documents located in the search).

Defendants do not deny that they have access to their email accounts, bank records, shipping records, and invoices. To the extent any responsive documents from those sources have not been preserved, then Defendants must set forth sworn declaration explaining the circumstances and date they lost the documents. This supplemental declaration must be provided

by each Defendant and served on Plaintiff within 14 days of today. They must also produce all non-privileged responsive documents that were located in the search.

After such supplemental production of responses, documents and declarations, the parties are ordered to meet and confer as to whether a deposition is necessary. It is the Court's hope that Defendants can sufficiently comply with the Federal Rules to provide the requested documents and an explanation of any destroyed documents. However, if a sufficient explanation is not provided regarding ESI preservation and destruction, then the Court agrees that a deposition is warranted under these specific circumstances and given the allegations of Defendants' behavior at issue.

The Court will order Defendants to produce a 30(b)(6) representative for a deposition not longer than 4 hours to testify about four limited topics: (1) which documents responsive to Plaintiff's written discovery requests are being withheld subject to a privilege log if that is the reason for withholding, (2) which documents were destroyed and when, (3) which documents have never existed, (4) and which documents exist, but Defendants do not have possession, custody, or control over. Accordingly, Plaintiff's Motion to Compel (ECF No. 167) is granted and Plaintiff will be provided with an opportunity to seek fees and costs, which will be addressed at the conclusion of this Order.

Next, the Court will address Plaintiff's Motion to Seal (ECF No. 168). Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id*. Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id*.

Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Kamakana*, 447 F.3d at 1179). "The court must then 'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Ctr. for Auto Safety*, 809 F.3d at 1097.

There is an exception to the compelling reasons standard where a party may satisfy the less exacting "good cause" standard for sealed materials attached to a discovery motion unrelated to the merits of the case. *Id*. "The good cause language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: 'The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id*. (citing Fed.R.Civ.P. 26(c)). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. General Motors*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). The labels of "dispositive" and "nondispositive" will not be the determinative factor for deciding which test to apply because the focal consideration is "whether the motion is more than tangentially related to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1101.

The documents at issue to be sealed are all phone invoices produced by third parties. The parties entered into a protective order allowing third party documents to be marked presumptively confidential. Plaintiff indicates it is filing the motion out of an abundance of caution given that protective order and is bound by their ethical principles to comply with that agreement. Defendants do not provide any specific grounds for why the confidential documents qualify for sealing under *Ctr. for Auto Safety*. The Court does not find the documents at issue to warrant sealing, even under the less exacting standard of good cause as the motion is not more than tangentially related to the merits of the case. As such, Plaintiff's Motion to Seal (ECF No. 168) is denied and the Clerk of the Court shall unseal ECF No. 169.

The Court will now turn to Defendants' Motion to Compel (ECF No. 153). Preliminarily, Defendants did not seek leave to file excess pages as their 46 page brief (excluding exhibits of 74 pages) exceeds the 24 page limit set forth in LR 7-3(b). The Court firmly believes the page limits set forth in the local rule should be enforced so it can be presented with concise briefing. That rule was clearly not followed here. In fact, Defendants even provided blank pages, like page 31 of the motion, with no text. In an effort to get to the merits of the dispute, the Court has considered the entirety of the Motion, but it will strictly enforce Rule 7-3(b) going forward.

Another defect in Defendants' Motion is that the 22 interrogatories and 73 requests for production that Defendants seek a supplemental response were propounded by Asim Qureshi only. As such, the other Defendants do not have standing to file this Motion to Compel nor is it apparent to the Court that the other Defendants have any other written discovery that they propounded that they are attempting to compel as part this motion.

The Court is also not impressed with the meet and confer efforts with respect to this massive motion. Given the scope of the motion and the two letters exchanged, the parties should have been able to narrow the issues before seeking court intervention. However, it appears as though Defendants ignored all representations expressed by Metro in their response and continued with filing an overbroad motion requiring court review.

As for the specific objections raised by Metro in response to the written discovery: It has confirmed that no documents were withheld due to privilege, so the Court finds that no privilege log is needed. Metro has also confirmed that over 14,000 pages have been produced to Defendants electronically via dropbox link, which the Court finds to be a sufficient method of electronic production as long as Defense counsel is able to access the link, but also Metro provided hard copies. Further, the Court finds that Metro's rolling production that included third party subpoena responses does not need to be provided under the header of a supplemental pleading. Metro is tasked with being aware of the Federal Rules of Civil Procedure and consequences of failing to disclose documents during discovery, namely, that it may be prevented from using such documents at trial. Having reviewed the initial disclosure pleading and the discovery responses, the Court does not find a supplemental production is necessary at this time.

Metro has acknowledged that it has withheld a spreadsheet that it claims contains confidential proprietary IMEI analysis of the 98 phones it claims it has tied to Defendants. It proposed a protective order. The Court will enter a protective order, which it will address with respect to Plaintiff's Motion for Protective Order (ECF No. 157) next and order that Metro produce that remaining spreadsheet.

Finally, the Court finds many of Asim's requests for production overbroad and not proportional to the needs of the case. For example, as to the warrant complaints about phones

obtained or sold by Defendants, Metro is not required to conduct a massive search of all records in its possession without specific information about the identity of the phones Defendants are specifically referring to in the discovery requests. Consequently, Defendants' Motion to Compel (ECF No. 153) is denied and Plaintiff will be provided with an opportunity to seek fees and costs.

The Court now turns to Plaintiff's Motion for Protective Order (ECF No. 157). The Court understands that the parties have met and conferred about Metro's proposed protective order to govern the exchange of purported confidential discovery documents. It appears that two issues remain disputed: (1) Defendants will not permit Metro to utilize what they believe is confidential information in miscellaneous actions arising out of this lawsuit, such as motions to enforce third party subpoenas in other districts that are seeking discovery documents related to this case. (2) Defendants require all third-party documents to be retroactively labeled as confidential without any distinction as to the substance of the documents.

As the Court previously stated with respect to Plaintiff's Motion to Seal, the Court strictly enforces the 9th Circuit precedent of *Kamakana* and *Center for Auto Safety*. Indeed, in the Ninth Circuit, "[i]t is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." *San Jose Mercury News v. United States District Court*, 187 F.3d 1096, 1103 (9th Cir. 1999). The Court finds that Defendants position of generically designating everything produced as confidential, especially retroactively, undoubtably results in problems for the Court with respect to sealing and later motions in which the documents are being made part of the judicial record. Specifically, parties often disregard the precedent that holds, the fact that the Court has entered a stipulated protective order and that a party has designated a document as confidential pursuant to that protective order does not, standing alone, establish sufficient grounds to seal a filed document. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Therefore, the Court will enter Plaintiff's proposed protective order attached to the Motion (ECF No. 157) as Exhibit A. The Court cautions the parties to remain aware of the Ninth Circuit standards on filing motions to seal and also reminds Metro that they must now produce the

1 | withheld spreadsheet pursuant to the protective order that has now been entered by the Court.
2 | Thus, Plaintiff's Motion for Protective Order (ECF No. 157) is granted and ECF No. 157-1,
3 | Exhibit A Metro's Proposed Protective Order is entered to govern the exchange of discovery
4 | documents in this matter.

5 | Next is the Motion to Quash (ECF No. 145) filed by third parties VIP Ballers, LLC, VIP
6 | Ballers, L.L.C., and Cellpoint Global, LLC. Preliminarily, the Court agrees with Plaintiff that
7 | there is a standing issue as no subpoena was issued to the movants. As a result, the Court does
8 | not see how they can challenge third party subpoenas issued under Rule 45 to other entities.
9 | There is a general rule that only the party to which a subpoena is directed has standing to
10 | challenge that subpoena. *E.g., Paws Up Ranch, LLC v. Green*, 2013 WL 6184940, *2 (D. Nev.
11 | Nov. 22, 2013).

12 | Some judges in this District have interpreted the plain language of Rule 45 as dictating
13 | that "only the party subject to the subpoena may bring a motion to quash." *See, e.g., Salem
14 | Vegas, L.P. v. Guanci*, 2013 WL 5493126, *2–3 (D. Nev. Sept. 30, 2013). On the other hand,
15 | several judges have recognized an exception to the general standing rule when the movant has a
16 | personal right or privilege in the subpoenaed material. *See, e.g., Dinkins v. Schinzel*, 2017 WL
17 | 4183115 (D. Nev. Sept. 19, 2017). In addition, even assuming there is an exception to the
18 | standing rule when the movant has a personal right or privilege in the subpoenaed materials,
19 | courts are split on whether the exception allows the movant to advance only objections directly
20 | corresponding to that personal right or privilege. Movants have failed to properly develop why
21 | they have standing to quash the 19 subpoenas at issue and the Court will deny the motion for that
22 | reason.

23 | Additionally, only 2 of the 19 subpoenas at issue require compliance in the District of
24 | Nevada. Defendants should be aware that Rule 45 was revised to add subsection (f) that provides
25 | for all subpoena-related motions to be made to the court where compliance is required under Rule
26 | 45(c). Defendants have not asserted and the Court is not aware of any transfer being made from
27 | the court in which compliance is required under Rule 45(f). So, the 17 subpoenas at issue in this
28 |

motion in which compliance is not required in Nevada are not properly before this Court and their motion to quash will be denied for that reason.

Finally, a common theme the Court has seen from Defendants is that they are trying to apply the generic label of "confidential" to obstruct the discovery process. The Court finds no merit in their argument that the subpoenas seek confidential business information that affects them. This argument was not sufficiently supported in the briefing and the Court declines to establish a new standard for the discovery process that is supposed to be transparent rather than permit a party to hide the ball until trial. For example, in reviewing the two subpoenas that have compliance required in Nevada, the Court finds them to be seeking relevant and proportional discovery to the needs of this case. As a result, the Court denies the movants' Motion to Quash (ECF No. 145).

As to Plaintiff's request for sanctions in the form of attorneys fees and costs for the three motions to compel in which it was the prevailing party, the Court will permit Plaintiff to file a motion to recover those related fees and costs within 14 days. Defendants may file a response within 14 days. No reply is needed, but Plaintiff may file one 7 days after the response is filed, if it deems it necessary to do so. However, the Court will require the parties to meet and confer on the fees and costs amount prior to Plaintiff filing the motion. It encourages the parties to agree on the amount or make efforts to compromise. To the extent they cannot agree on the amount, then Plaintiff may file the motion by the 14 days deadline. The Court is aware that the parties have indicated they have engaged in settlement discussions, this is an excellent time to continue those discussions to see if the case can be resolved.

IT IS HEREBY ORDERED that the hearing set for January 13, 2020 (ECF No. 181) is **vacated**.

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel (ECF No. 142) is **granted**.

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel (ECF No. 167) is **granted**.

IT IS FURTHER ORDERED that Plaintiff's Motion to Seal (ECF No. 168) is **denied** and the Clerk of the Court shall unseal ECF No. 169.

IT IS FURTHER ORDERED that Defendants' Motion to Compel (ECF No. 153) is **denied**.

IT IS FURTHER ORDERED that Plaintiff's Motion for Protective Order (ECF No. 157) is **granted** and ECF No. 157-1, Exhibit A Metro's Proposed Protective Order shall govern the exchange of discovery documents in this matter.

IT IS FURTHER ORDERED that the third-party Motion to Quash (ECF No. 145) is **denied**.

IT IS FURTHER ORDERED that Plaintiff is permitted to seek fees and costs for prevailing on the motions as stated above and to the extent a compromise cannot be reached, it may file a motion for those fees and costs within 14 days of this Order. A response is permitted 14 days after the motion is filed.

DATED: January 10, 2020.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE