Richard C. Gordon
Nevada Bar No. 9036
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone (702) 784-5200
Facsimile (702)784-5252
Email: rgordon@swlaw.com

James B. Baldinger (Admitted *Pro Hac Vice*)
Amanda R. Jesteadt (Admitted *Pro Hac Vice*)
Stacey K. Sutton (Admitted *Pro Hac Vice*)
CARLTON FIELDS, P.A.
525 Okeechobee Boulevard, Suite 1200
West Palm Beach, Florida 33401
Telephone (561) 659-7070
Facsimile (561) 659-7368
Email: jbaldinger@carltonfields.com
ssutton@carltonfields.com
ajesteadt@carltonfields.com

*Attorneys for Plaintiff MetroPCS*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| METROPCS, a brand of T-MOBILE USA, INC., a Delaware Corporation,<br><br>Plaintiff,<br>vs.<br><br>A2Z CONNECTION, LLC, a Nevada limited liability corporation; A2Z LLC, a Nevada limited liability corporation; AMIR QURESHI a/k/a AMIER QURESHI, a/k/a AMIER I. QURESHI, a/k/a AMIER F. QURESHI, SR.; ASIM QURESHI a/k/a ALEX QURESHI, a/k/a AZIM QURESHI a/k/a AZIM DeDREAM, and SEHER QURESHI,<br><br>Defendants. | CASE NO. 2:15-cv-01412-JAD-DJA<br><br>**Order and Final Judgment of Permanent Injunction Against Defendants Amir Qureshi aka Amier Qureshi, Amier I. Qureshi, and Amier F. Qureshi Sr.; Asim Qureshi aka Alex Qureshi, Azim Qureshi, and Azim DeDream; and Seher Qureshi**<br><br>ECF Nos. 166, 190 |

Plaintiff T-Mobile USA, Inc., for itself and its MetroPCS brand ("Metro" or "Plaintiff") brought the above-captioned lawsuit against, *inter alia,* Defendants AMIR QURESHI a/k/a AMIER QURESHI, a/k/a AMIER I. QURESHI, a/k/a AMIER F. QURESHI, SR., ASIM QURESHI a/k/a ALEX QURESHI, a/k/a AZIM QURESHI a/k/a AZIM DeDREAM, and SEHER QURESHI ("Defendants").

Based on the stipulation of the parties [ECF No. 190], and additional information provided at the 2/4/2020 hearing, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that

1. This Court has jurisdiction over all the parties and all of the claims set forth in Metro's Complaint.

2. Metro has the right to use and enforce rights in the standard character and stylized MetroPCS® mark (collectively, the "Metro Marks"), as depicted below:



Metro uses the Metro Marks on and in connection with its telecommunications products and services. The Metro Marks are valid, distinctive, protectable, famous, have acquired secondary meaning, and are associated exclusively with Metro.

3. Final judgment in the form of a permanent injunction is hereby entered against Defendants as follows.

4. For all T-Mobile brands now and in the future, Defendants and all of their agents, officers, directors, successors, assigns, parents, subsidiaries, affiliates, related companies, companies, agents, employees, heirs, personal representatives, beneficiaries, relatives, and all other persons or entities acting for them or on their behalf, including, but not limited to, any corporation, partnership, proprietorship or entity of any type associated with Defendants and any and all persons and entities in active concert and participation with Defendants who receive notice of this Order, shall be and hereby are PERMANENTLY ENJOINED from:

    a. acquiring or purchasing illegally, selling, unlocking, reflashing, altering, advertising, soliciting and/or shipping, or facilitating or knowingly assisting

other persons or entities in the foregoing, with respect to any new specially-manufactured handsets designed exclusively for use on T-Mobile's wireless service offered under any T-Mobile brands, including Metro ("Handsets");

b. supplying new Handsets to or facilitating or knowingly assisting other persons or entities in the illegal purchase or sale of new Handsets or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in the new Handsets;

c. advertising or reselling, or facilitating or knowingly assisting other persons or entities in the foregoing, with respect to new Metro or T-Mobile products or services, whether or not identified as such;

d. engaging in, directing, or requesting any unlawful access of Plaintiff's protected computer systems and wireless network, protected and confidential computer passwords, or the willful infringement of Plaintiff's trademarks;

e. communicating with employees or representatives of T-Mobile or Metro, or facilitating or knowingly assisting other persons or entities in the foregoing, for the purpose of obtaining cell phones or service in violation of the terms of the stipulation;

f. entering or being on the premises of any Metro or T-Mobile corporate or dealer store, or soliciting, directing or requesting a third party enter a Metro or T-Mobile corporate or dealer store for the purpose of violating the terms of the stipulation;

g. accessing any Metro or T-Mobile website or soliciting, directing, or requesting a third party to access any Metro or T-Mobile website for the purpose of violating the terms of the stipulation;

h. knowingly using the Metro Marks or any other trademark, service mark, trade name and/or trade dress owned or used by Plaintiff now or in the future, or that is likely to cause confusion with Plaintiff's Marks, without Plaintiff's prior

- 3 -

written authorization or facilitating or knowingly assisting other persons or entities in the foregoing; and

  i. holding themselves out as being associated with, employed by or on behalf of, or acting as an agent, representative or authorized partner of Plaintiff, or facilitating or knowingly assisting other persons or entities in the foregoing.

5. The unlocking, advertisement, sale or shipment of any new Handsets within and/or outside of the continental United States without Plaintiff's prior written consent is and shall be deemed a presumptive violation of this permanent injunction.

6. The address of Defendant Amir Qureshi a/k/a Amier Qureshi a/k/a Amier I. Qureshi a/k/a Amier F. Qureshi, Sr. is 2236 Kemble Avenue, North Chicago, Illinois 60064.

7. The address of Defendant Asim Qureshi a/k/a Alex Qureshi a/k/a Azim Qureshi a/k/a Azim DeDream is 169 Honors Course Drive, Las Vegas, Nevada 89148.

8. The address of Defendant Seher Qureshi is 169 Honors Course Drive, Las Vegas, Nevada 89148.

9. Defendants waive any and all rights to challenge the validity of this Final Judgment in this Court or in any other court, and specifically waive their right of appeal from the entry of this Final Judgment.

10. The Court retains jurisdiction over this matter and the parties to this action to enter an award of damages against the individual Defendants and to enforce any violation of the terms of this Permanent Injunction by a finding of contempt and an order for payment of compensatory damages to Plaintiff by the violating Defendant or Defendants, in an amount of $1,500 for each Handset that Defendant or Defendants are found to have acquired, purchased, sold and/or unlocked in violation of this Injunction in addition to any other damages and equitable relief to which Plaintiff is entitled under the circumstances. The Court finds that these amounts will serve to compensate Plaintiff for its losses in the event a Defendant or Defendants violate the terms of this Order. The violating Defendants shall be liable for the award of compensatory damages jointly and severally, unless it is overtly apparent on the face of documents evidencing the transaction(s) that the prohibited acts with respect to all phones at issue are only attributable to one defaulting Defendant,

in which case only the responsible violating Defendant shall be liable for the award of compensatory damages.

11. This order resolves all claims against Defendants Amir Qureshi aka Amier Qureshi, Amier I. Qureshi, and Amier F. Qureshi Sr.; Asim Qureshi aka Alex Qureshi, Azim Qureshi, and Azim DeDream; and Seher Qureshi ("the Qureshi Defendants"). It leaves only claims remaining against defaulted defendants A2Z Connection, LLC and A2Z LLC. For that reason, and with good cause appearing and no just reason to delay, the court finds it proper to direct that this FINAL JUDGMENT BE ENTERED against the Qureshi Defendants under FRCP 54(b).

12. IT IS FURTHER ORDERED that the Qureshi Defendants' Motion to Dismiss **[ECF No. 166] is DENIED** as moot.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: February 4, 2020